IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mildenzel Malcolm Davis, | ) | C/A No.: 1:14-422-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Kenny Boome; Cpt. Brunson; Lt. | ) | |
| Redding; Lt. Gabriel; and Maj. Norris, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Mildenzel Malcolm Davis, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of his constitutional rights while incarcerated at the Florence County Detention Center ("FCDC"). Plaintiff names as defendants the following FCDC employees: Kenny Boome, Cpt. Brunson, Lt. Redding, Lt. Gabriel, and Maj. Norris (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff alleges that he has submitted inmate request forms and grievance forms regarding "matters that go on in 'FCDC' and M.U.S. lock up" to Defendants, but they "fail to look into all matters." [Entry #1 at 3]. Plaintiff complains that unidentified

officers put things in inmates' food, and "strip inmates down to one pair of shorts for 72 hours." *Id.* Plaintiff further asserts that unspecified officers call Plaintiff and other inmates profane, racist, or derogatory names and refuse to allow inmates to keep hygiene items in their rooms. *Id.* Plaintiff also complains of cold cells, some non-flushing toilets, and unsanitary food. *Id.* at 3–4.

Plaintiff alleges that Defendants have allowed unidentified officers to put inmates, including Plaintiff, in a restraint chair "for over 12 hours," and that he has been "maced by guards." *Id.* at 3. Plaintiff believes defendant Brunson intentionally imposes harsh jail conditions as punishment and alleges that defendants Brunson and Norris have "covered up incidents" at the FCDC. *Id.* Plaintiff further complains that defendants Brunson and Norris will not allow Plaintiff to "go back to the pod because of my mental health condition." *Id.* Plaintiff does not specify the type of relief sought; however, liberally construed, he appears to seek injunctive relief. *Id.* at 5.

## II.    Discussion

### A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S.

2

25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Because Plaintiff is a pretrial detainee, his claims are analyzed through the lens of the Due Process clause of the Fourteenth Amendment and the standard for reviewing such claims is essentially the

same as that for a convicted prisoner under the Eighth Amendment. *See Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992).

        1.     Claims related to other inmates

Plaintiff alleges that FCDC inmates are subjected to unconstitutional jail conditions and mistreatment. [Entry #1 at 3]. However, Plaintiff lacks standing to bring a lawsuit on another inmate's behalf. *See Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (holding that a prisoner cannot act as a "knight-errant" for others); *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977) (finding that one *pro se* inmate does not have standing to sue on behalf of another inmate); *see also Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a *pro se* person's right to litigate for oneself does not create a similar right to litigate on behalf of others). Thus, to the extent Plaintiff seeks to bring a claim on behalf of other inmates, such claims are subject to summary dismissal.[1]

Further, Plaintiff should not be permitted to bring a class action lawsuit. [Entry #1-4; Entry #1-6]. The Fourth Circuit has held that "it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action," as "the competence of a layman representing himself" is "clearly too limited to allow him to risk the rights of others." *See Oxendine v. Williams*, 509 F.2d 1405, 1407

---

[1] Plaintiff attached to the complaint documents listing the names of seven other inmates. [Entry #1-4 at 1; Entry #1-6 at 1]. However, as Plaintiff is the only prisoner to sign the complaint or attached documents, he is the sole plaintiff in this action. To the extent the other inmates wish to litigate their own civil rights actions, they may do so by requesting the necessary documents from the Clerk of Court.

(4th Cir. 1975); *see also Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (holding that, under the Prison Litigation Reform Act ("PLRA"), each prisoner must bring a separate suit in order to satisfy the Act's requirement that each prisoner pay the full filing fee). In a lawsuit, each plaintiff's claims are unique to that particular plaintiff, and any damages awarded would need to be determined individually. Further, the court may be presented with a situation where some plaintiffs have complied with the exhaustion requirement of the PLRA and others have not. *See* 42 U.S.C. § 1997e(a). Finally, each plaintiff must be notified separately of court documents, orders, and deadlines. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Therefore, Plaintiff should not be allowed to proceed with this case as a class action lawsuit.

2.    Verbal abuse

Plaintiff claims that FCDC officers call him profane, derogatory, and racist names. [Entry #1 at 3]. However, such allegations fail to set forth a claim of constitutional magnitude. *Ajaj v. United States*, 479 F. Supp. 2d 501, 538 n.16 (D.S.C. 2007); *see also Malsh v. Austin*, 901 F. Supp. 757 (S.D.N.Y. 1995) ("Verbal assault, standing alone, is not a . . . cognizable injury in a 1983 civil rights action."); *Sluys v. Gribetz*, 842 F. Supp. 764, 765 n.1 (S.D.N.Y. 1994), *aff'd*, 41 F.3d 1503 (2d Cir. 1994); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Batista v. Rodriguz*, 702 F.2d 393, 398 (2d Cir. 1985). While it is reprehensible if correctional officers are engaging in such conduct, it is not a cognizable claim pursuant to § 1983. Thus, to the extent Plaintiff may be alleging that Defendants have used profane or racist statements, such claims are subject to summary dismissal.

### 3.     Grievance process

Plaintiff alleges that Defendants have failed to respond to his grievances and inmate request forms.  [Entry #1 at 3].  A prisoner has no constitutional right to a grievance procedure.  *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, C/A No. 10–6938, 2011 WL 917248, at *2 (4th Cir. March 17, 2011); *Ashann–Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983.").  Therefore, Defendants' alleged failure to process or respond to Plaintiff's grievances does not state a cognizable claim under § 1983.

### 4.     Jail classification/cell assignment

Plaintiff complains that defendants Norris and Brunson refuse to allow him to return to "the pod" due to Plaintiff's mental health issues.  [Entry #1 at 3].  However, a prisoner has no constitutional right to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution.  *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994).  Cases previously decided in this district make it clear that South Carolina law confers no protected liberty interest upon state inmates regarding prison classification.  *See Keeler v. Pea*, 782 F. Supp. 42, 43–44, (D.S.C. 1992) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)); *see also Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978).  Therefore, Plaintiff's claims associated with his classification or jail cell assignment are subject to summary dismissal.

5.    Excessive force

Plaintiff alleges unlawful use of a restraint chair and mace by unidentified officers. [Entry #1 at 3]. A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). In this case, Plaintiff provides no facts to indicate that Defendants personally participated in an excessive use of force against him. Thus, any individual capacity claims against Defendants for excessive force are subject to summary dismissal.

6.    Unlawful jail conditions/duplicate claims

Plaintiff alleges that unnamed officers tamper with inmates' food, serve inmates cold food, leave inmates with little clothing for up to 72 hours, and place inmates in cold cells with broken plumbing. [Entry #1 at 3]. Plaintiff provides no facts to demonstrate that defendants Boome, Norris, Redding, or Gabriel have personally engaged in any of these actions. Therefore, to the extent Plaintiff alleges individual capacity claims against Boome, Norris, Redding, and Gabriel for the purportedly unconstitutional jail conditions, they are entitled to summary dismissal.

Plaintiff alleges that defendant Brunson uses harsh jail conditions as punishment. *Id.* Plaintiff has filed two previous cases in this court alleging similar claims against defendant Brunson, which remain pending at this time. *See Davis v. Brunson*, C/A No. 1:13-3458-TLW-SVH (D.S.C. Dec. 12, 2013) (alleging unconstitutional jail conditions, excessive force, verbal abuse); *Davis v. Brunson*, C/A No. 1:12-2490-SB (D.S.C. Aug. 31, 2012) (alleging excessive force, verbal abuse, claims related to other inmates). A district court may take judicial notice of materials in the court's own files from prior

7

proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is in noticing the content of court records); *Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949). Because the instant complaint's allegations concerning unconstitutional jail conditions or alleged impermissible punishment are being addressed by this court in Plaintiff's pending § 1983 actions, these duplicate claims against defendant Brunson should be summarily dismissed in the interests of judicial economy and efficiency. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.").

### 7. Supervisory liability

Plaintiff appears to name Defendants as supervisory officials at the FCDC. [Entry #1 at 3]. However, a claim based upon the doctrine of *respondeat superior* does not give rise to a § 1983 claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978). Moreover, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff alleges that he sent requests and grievances to Defendants regarding matters at the FCDC. [Entry #1 at 3]. Plaintiff further alleges that "officers in this case" allowed Plaintiff's placement in a restraint chair on at least one occasion. *Id.* However, Plaintiff provides insufficient factual allegations to demonstrate that Defendants were aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff. *See Carter v.*

*Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates).  Thus, Defendants are entitled to summary dismissal from this action for any supervisory liability claims asserted by Plaintiff.

8.    Conspiracy

Plaintiff alleges that defendants Brunson and Norris "have covered up" incidents at the FCDC.  [Entry #1 at 3].  To the extent such allegations can be construed as a conspiracy claim, they are subject to summary dismissal.  Under 42 U.S.C. § 1983 and § 1985, an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations.  *Simmons v. Poe*, 47 F.3d 1370, 1376–77 (4th Cir. 1995); *Buschi v. Kirven*, 775 F.2d 1240, 1248 (4th Cir. 1985).  In addition, the Supreme Court has held that, to establish a federal conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus."  *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985).  Plaintiff provides no concrete facts to demonstrate that Defendants came to a mutual understanding or acted "jointly in concert" to deprive Plaintiff of any constitutional right.  Plaintiff also fails to allege that Defendants acted with a discriminatory motive.  Thus, any conspiracy allegations asserted by Plaintiff are subject to summary dismissal.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

9

IT IS SO RECOMMENDED.

February 28, 2014                          Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).